The Court now calls Case 117911, People of the State of Illinois v. Terrell Chambers. Are you ready to proceed? Ready? Madam Chief Justice, Honorable Justices of the Supreme Court, Council, may it please the Court. I am Assistant State's Attorney Alan Spellberg, and I represent the people of the State of Illinois. In Franks v. Delaware, the United States Supreme Court adopted a narrow and limited exception to the prevailing rule that a defendant could not go behind the four corners of a search warrant, behind the four corners of the affidavit underlying the search warrant, and challenge the veracity of the allegations in that affidavit itself. Specifically, the U.S. Supreme Court held that where a police officer affiant makes allegations or fails to engage in a reckless disregard of the truth, either false allegations or reckless disregard of the truth, and a defendant makes a substantial preliminary showing of such a fact, he may be entitled to a hearing on those points in order to undermine the search warrant and to quash the evidence that was obtained therein. Specifically, the U.S. Supreme Court recognized that the danger of a police officer who could simply fabricate the existence of a confidential informant, provide false information to the issuing judge, who would not have any opportunity to contest or challenge or verify the accuracy of that information, and then obtain a warrant, would truly undermine the basis of the Fourth Amendment requirement of probable cause. But again, the U.S. Supreme Court stressed extensively how narrow of a rule this was. Importantly, the court stated that the ability to challenge the veracity of the allegations in the affidavit went to those claims made by the officer affiant and not a nongovernmental informant. Following Franks, this court in Lucente again stressed the very narrow nature of the ruling. And what the court held, what this court held, was that due to the subjective nature of the determination as to whether or not a defendant had made a substantial preliminary showing, if a trial court's ruling to either grant or deny a Franks hearing would not be reversed on appeal, provided the trial court acted within the realm of appropriate discretion and judgment. In this court, the trial court, in this case, excuse me, the trial court here, properly exercised its discretion when it denied the defendant's three separate motions for a Franks hearing. However, the appellate court failed to defer to the trial court's ruling and reversed that judgment, finding an abuse of discretion. That ruling was clearly wrong. In Franks, as I said, the focus of the determination must be that of the officer affiant. In this case, however, not only did the officer appear before the issuing judge, he brought with him his John Doe confidential informant. That informant not only appeared before the issuing judge, he was sworn to the facts himself, he signed the affidavit himself. The trial judge almost certainly asked the affiant the basis of the knowledge of his information, which led to the search warrant. That by itself is enough to defeat the whole nature of the Franks hearing. Because, again, if the purpose of the Franks hearing is to ensure that the trial judge has the opportunity to test the veracity of the allegations and to deprive a deceptive police officer from vouching for a fabricated confidential informant, clearly bringing the informant with to the issuing judge satisfies that goal and defeats that purpose. So is it your position then that even if it's later determined that the John Doe lied or was incorrect, that that does not affect the judge's decision to rely on that to deny a Franks hearing? Yes, Your Honor. And in the Franks case itself, the U.S. Supreme Court made it clear that this limited ruling, this expressly limited ruling, was not intended to be a searching and delving investigation into the veracity of the allegations of every point leading to probable cause. Instead, it was to ensure validity of the process in obtaining the search warrant itself. And so recognizing that there could be mistakes, could be false information, would not be enough to defeat the propriety of the search warrant in the first place. Instead, that would probably be a better question for the trial for a proof of guilt. And the Supreme Court in Franks made a very big distinction between trial and the issuance of the search warrant. And that's exactly what happened in this case, is that this case, again, as I said, the John Doe affidavit appeared before the judge, the warrant was issued, and then it was presented to it, the search warrant was executed, and the information consistent, and the evidence was obtained, and the defendant was charged. And he brought, as I said, three separate motions for Franks here. The first motion, it was granted before the original judge, because the judge found that in the original search warrant affidavit, there was an address indicating the place where the police officer arrested the John Doe informant was not an accurate address, as well as some other points. But when a successor judge came in and reexamined that and learned that there was a Scribner's error, that the address that was there was identified as 15110 Sherry Street, when it was really 15410 Sherry Lane, it was a valid address. And so, therefore, the judge at that point exercised his discretion and found that because the John Doe informant was there, and the judge had the opportunity to question him, that that by itself was more than enough of a basis to deny the Franks here. How do you distinguish, I think it's pronounced Vicente, the Illinois Supreme Court case? There we found that the defendant's alibi affidavit, which was corroborated by two additional affidavits, was sufficient to establish a substantial preliminary showing. Isn't that same result compelled here, where the defendant submitted an alibi affidavit, which was corroborated by additional affidavits? How do you distinguish that case? Thank you, Your Honor. Yes, Vicente is clearly the leading case from this court on Franks versus Delaware cases. And in Vicente, importantly, the trial court ordered a Franks hearing. And on appeal, the people argued that he should never have ordered one in the first place, that there was no substantial preliminary showing made and that no hearing should have been held. And what this court held specifically was that the trial judge had the authority to do so based upon these differing affidavits, some of which were just mere denials, others which were alibi, and that would be enough to support it. But the court went on to say, specifically, due to the subjective nature of the determination of making a substantial preliminary showing, there may be cases where a court orders an evidentiary hearing that it should not have, and there may be cases that a court refuses to order an evidentiary hearing where it should have. And provided the court exercises its judgment within the broad range, it will not be disturbed on appeal. And it's for that reason that the appellate court, following Vicente, has repeatedly held that the abuse of discretion standard is the appropriate standard of review, recognizing the subjective nature of these determinations, the factual conclusions that have to be drawn from the allegations in the Franks motion,  an appellate court has to defer under our very deferential abuse of discretion standard. And it's based upon that that the two leading appellate court cases following Vicente here in Illinois have reached somewhat differing conclusions. The appellate court here relied extensively on a case called Kueppel v. Gorazdeata where the appellate court ruled that where the John Doe informant appears before the issuing judge, the case is taken out of the ambit of Franks because the sole purpose of Franks has been satisfied. Again, being there's no risk of a police officer vouching based upon hearsay statements for an informant who cannot be verified. There's no risk of a fabricated confidential informant being utilized. Counsel, isn't that case, though, with the bright line rule? Have any other cases followed that? Admittedly, Your Honor, and as we point this out in our petition for leave to appeal, no other cases in the state of Illinois have followed the Gorazdeata case. Every other case has recognized, and most recently Kueppel v. Voss, which we cite in both our opening and reply brief, have recognized that the existence of the John Doe informant at the time of the issuance of the search warrant is one of many factors to be considered by the judge. However, we would definitely submit before this court that Gorazdeata was correct. It is based upon the meaning of Franks, the understanding, the rationale of Franks. It's based upon case law here in Illinois beforehand, in particular the appellate decision of Kueppel v. Phillips. It's based upon decisions from other states, Kansas, Washington. And it's consistent with federal courts also, which have recognized the extreme significance of having the John Doe informant there at the time of the issuing judge. I cite in my reply brief an extensive list of cases from the Seventh Circuit in particular, which specifically recognize that the appearance of the informant before the judge enhances the ability of the judge to determine and verify the credibility of those claims, allowing the warrant to be that much more secure and precise. May I say this question, sir? Sure. Obviously in Franks itself and certainly the other cases that have discussed it, the spirit of those cases certainly is grounded on the court's concern about preventing police misconduct. And to some degree, although it's maybe not discussed in these cases, also some concern for a confidential informant to protect the confidentiality of the informant. In this case, we have an affidavit from the informant who apparently does not, at this point, is not asking the court to keep him in the shadows. He wants to come forward. So that problem is that that issue is not in this affidavit. And similarly, his affidavit points to police misconduct. So is there something about this specific allegation in this specific case that would, in fact, carve out an area where a court, despite the fact that some judge did look at this person in the flesh and ask some questions, that, in fact, because of the allegations in this petition here, there should be a hearing?  I know that Mr. Miles Copeland in his affidavit claims to be the informant who appeared alongside Officer DuBois before Judge Flaherty. I cannot verify that. It has never been verified. The people have never in any way acknowledged who the John Doe informant was. In fact, they specifically refused to do so. And the trial judge rejected the defense motion to disclose who the informant is. Isn't that the purpose of the hearing? Let him come in and be cross-examined. Well, Your Honor, but, again, that gets to the question of what is a substantial preliminary showing. And my next point is Mr. Copeland's affidavit in this case is directly and flatly inconsistent with the sworn video-recorded testimony of Aaron Lindsay, who was previously offered as part of the second Franks motion. It was not consistent with what was offered in the first motion, which was alibi affidavits and a claim of the mislocation of the arrest. And so in this case where the trial judge is faced with directly contradictory affidavits offered by a defendant in support of a Franks hearing, the trial judge shouldn't be required to do what the appellate court said is, let's hold a hearing and let it all flesh out, because it's the defendant's burden to make a substantial preliminary showing, to make that demonstration. And if his own sworn testimony, his own sworn affidavits, are flatly and directly inconsistent with one another, it cannot be a substantial preliminary showing. As we point out in our brief, in Franks, in Gates, in Leon, in Ornelas, the U.S. Supreme Court has made clear that there is a strong incentive, and there should be a strong incentive, to seek search warrants, to obtain pre-judicial approval before going and searching something. That there is a benefit to doing so, and that the courts through the process should do everything they can to incentivize that context, not disincentivize. And that's what would happen in a situation like this, where a defendant could offer wildly conflicting affidavits in support of his claim for a Franks hearing, and then say he's entitled to a hearing, would do everything he can to undermine the point of the Franks. And instead, it would tell police officers they're better off not bringing their informant before the judge, letting them vouch and verify for it, and let the thing stand where it may. And that clearly is now what we want. We, as prosecutors, the people, the state of Illinois, all benefit with more information being presented to the issuing judge rather than less. And that's where the flaw in the appellate court ruling in this case is that it failed to recognize that the issuing judge's determination was entitled to deference, and it failed to recognize that the trial judge's ruling on the Franks motion was entitled to deference. Instead, it treated it, as counsel asked this court to do, as if it were a post-conviction petition, and that we should take the affidavits as true, and accept them as true, and then have an evidentiary hearing to work it out. But again, the presumption of validity is with the search warrant and is with the issuing judge. And Franks is intended to protect that. It's only in a very narrow, limited circumstance that you get to pierce that. And it's for those reasons that we ask this court to reverse the appellate court ruling in this case, to reinstate the conviction, and to hold that where a John Doe informant is presented to the issuing judge, there is no basis for a Franks hearing. Thank you. Thank you, counsel. Good morning. Good morning. May it please the court, counsel, Tom Gonzalez from the State Appellate Defender's Office for the Applee-Torrell Chambers. The appellate court here correctly held that the mere appearance and even testimony by an informant before an issuing judge is not by itself a be-all, end-all or dispositive. And more recently, the appellate court in Voss and of course the appellate court in Cairo both correctly recognized that. And it's not dispositive just by itself in determining whether a defendant is entitled to a Franks hearing. What the state is advocating is a bright-line rule that would sanction police subordination or perjury without even so much of a hearing on the matter, simply because a citizen informant appeared before the issuing judge and did what a known dirty cop, Tony DuBois, coerced him to do. This case is a textbook example of why this cannot be the rule. The state's entire argument downplays the nature of the allegation made here by the confidential informant himself. This is a highly unique set of circumstances. First of all, this court should reject the state's 11th hour claim in its reply brief and now before the court in argument that Copeland was never identified as a confidential informant. The state has never denied that Copeland was a confidential informant once he was identified. In fact, the state conceded as much in its opening brief. On page 8 of its opening brief, the state acknowledges that the confidential informant was in fact stopped on Cherry Lane with Aaron Lindsay and that the confidential informant was not Aaron Lindsay. It's disingenuous at best to now claim that Copeland was not the confidential informant. And even if there was a legitimate question as to whether Copeland was a confidential informant, Justice Tice recognized that this is just one of many questions that should see the light of day in a full-blown Franks hearing. If we accept your argument, are we expanding the Franks exception? Not at all. Not at all. Franks speaks, and the state even concedes this, that what Franks speaks to and what it's designed to prevent is the very type of misconduct that is alleged here. A lot of what we're advocating comes directly from Franks itself. So what would distinguish, I mean, what would prevent having a Franks hearing in every case in which there was a search warrant? I'm sorry? What would prevent then requesting and getting a Franks hearing in every case in which there was a search warrant? It would be like a motion to suppress. Oh, I don't think so at all. I mean, what Franks says, first of all, the state's concerns about what it encourages or discourages and all that stuff, I mean, all of those concerns were specifically addressed in the Franks decision itself. And Franks said that those are wholly insufficient to justify an absolute ban on a hearing simply because the confidential informant showed up and did what he was coerced to do like he was here. The ex parte hearing, of course it's an ex parte hearing before the issuing judge, but it's not always sufficient at that point to weed out or discourage the type of government misconduct that's alleged here. We submit that this is a highly unique set of circumstances. So there's no concern about any type of expansion or any type of floodgates being opened. What Franks specifically held is that what's required for preliminary showing, and I think this is important, as also to the standard of review, is a preliminary showing that, a suitable preliminary proffer of falsity, a proffer, in other words, suitable allegations of falsity. Franks says that there must be allegations  accompanied by an offer of proof with specificity, with affidavits, or the absence of such should be explained. This sounds highly similar to post-conviction. All right, so to the extent that what Frank says is required for a preliminary hearing, it speaks directly to allegations. It speaks directly to proffers. It speaks directly to material falsities that deserve to see the light of day at a full-blown hearing, regardless of whether a citizen informant appears. And the claim that is raised here doesn't even center on that anyway. We're not challenging the veracity of Copeland. Copeland was just a puppet of Officer DuBois. Okay, and his, you know, he's currently in prison now for committing perjury in another federal case. There's a mountain of allegations that's been lodged against him. So this isn't beyond the realm. This isn't just some fanciful thing that he just pulled out of thin air. And Frank says that impeachment of warrant affidavit is allowed, or what the impeachment of a warrant that is allowed is, you know, whether or not he prevails at the hearing is an entirely separate matter. They're two separate questions. All we're saying is that he raised enough allegations of falsehood that it deserves the full-blown hearing. Could you respond to the argument that this was not a substantial showing because the materials themselves were in conflict? The testimony of the affidavit of Lindsey and the affidavit of Coleman. Well, again, that's just another example of stuff that should be heard at an evidentiary hearing. That doesn't speak to the nature of the allegation itself. And even if it did, one thing I would mention is that the Coleman's affidavit actually appears to be supported by the police report of the stop that particular day. Coleman said, we got the drugs in an armed robbery. When they were pulled over, there was two masks, a set of gloves, and some weapons. And that tends to support Coleman's story. And the judge, in denying the motion, also said, well, he's putting himself in jeopardy. So somehow that diminishes credibility. And Chambers admits that it's the opposite. That actually lends to his credibility. It's a statement against his own interests. So as far as the conflict that you addressed, I mean, that's just another reason why a hearing should be held. But what matters most is the nature of this allegation. And I want to focus primarily on what Coleman alleged, because he explicitly affirmed that he appeared before the issuing judge and signed a false warrant affidavit because Officer DuBois coerced him to do so. So it's not, we're not alleging the wrongdoing on the part of the informant. The informant was acting at the behest of Officer DuBois, which is the government misconduct that Chambers was trying to address. Coleman alleged that DuBois knew that the warrant affidavit was false because he's the one that forced him to lie. Coleman alleged that DuBois coerced him to implicate by bragging about how he could plant guns and drugs on people, how he could kill or set people up. He was very specific in this. Understandably, Coleman was intimidated by such flagrant police misconduct, so it's easy to understand why he would toe the line and implicate Chambers, rather than have a case put on him by this dirty cop. Contrary to the state's claim, the record does not reveal whether Coleman actually testified or was questioned by the issuing judge. He alleged that after he was held overnight without charges, he was told by DuBois not to say anything to the issuing judge. Even after signing the warrant affidavit at the behest of Officer DuBois, DuBois continued to brag about locking people up once they got back to the station. And even if Coleman had testified, he was basically nothing more than a puppet of DuBois. So the appellate court correctly recognized that Coleman's affidavit alone, if believed, was sufficient to show that Officer DuBois had knowledge that the allegations in the search warrant were false. In fact, Officer DuBois, he was the warrant affidavit. The copy of the search warrant, it says it right there. Officer DuBois is the affidavit who attested to all of the false statements in the warrant affidavit. He was the affidavit who knowingly presented false information and Coleman's affidavit was clearly more than a mere denial. This isn't anything like the cases that speak to just an informant being challenged and a defendant making a mere denial. It's an explicit claim of police coercion involving this known dirty officer with no good faith component whatsoever. The state concedes on page 18 of its brief that the undisputed purpose of Frank's is to deter police misconduct in the obtaining of search warrants. This is a classic case of that. There's no other way to dissect it. This case is a poster child for what Frank's was designed to guard against. While the presence of the confidential informant should be a factor, it cannot be dispositive, be all end all, as the state advocates. There's other questions raised by this warrant affidavit as well and I cite to them in the brief. Among them are the letters from the Harvey and Markham Police Department certifying the nonexistence of any records of citizen complaints about the Parkside House. Their nonexistence of records to support DuBois' claim that Copeland had assisted in previous investigations. And of course there's the mountain of civil suits filed against DuBois for Fourth Amendment violations. So this doesn't strike as a mere coincidence. This is certainly something that's not just pulled out of thin air by the confidential informant. It's a highly unique set of circumstances. So yes, to Justice Tice's question again, Chambers does acknowledge, of course, that there are some inconsistencies and unanswered questions presented by the affidavits attached to Chambers' motion, but those are questions best resolved at an evidentiary hearing. And so the central question here is not whether the search warrant should have been quashed. It's simply whether enough questions were raised to allow Chambers a hearing to challenge the veracity of the factual statements presented in the warrant affidavit. Mr. Gonzalez? Yes. I want to go back to a question asked earlier by Chief Justice Garmon about how do we narrowly tailor a decision, if we're going to go your way, that would not open this up to Frank's hearings being treated like motions to suppress, as she asked. Frank's court said the deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of the nongovernmental informant. And I believe that Mr. Kaplan was, or Mr. Spellberg, rather, was indicating, although maybe he didn't specifically say this, that your argument, if believed by this court, is expanding the rule in Frank's, expanding the exception in Frank's. I don't understand how that's expanding, given the nature of the allegation here. Again, Frank speaks directly to police misconduct, to allegations, to proffers, to specifics. Allegations of police misconduct being allowed to see the light of day. That is the narrow exception. This case fits squarely within that narrow exception. I don't understand how this is an expansion of that. Well, I want, you know, this case revolves around, we don't have to say an allegedly dirty officer, as you call him at this point, because I think he's serving time as we speak, right? So that is into the mix. And so there are some unique circumstances in this case. But I'm saying we have to be sensitive to the fact that the ruling does not have a more limited exception than Frank's carved out. So how do we do that in this case? A more limited or a more expansive? Well, I think you're asking for a more, counsel would say you're asking for a more expansive exception. Again, I guess I just don't understand, I can't wrap my head around how this expands that. Because Frank's is directly on point with this type, it talks about and all of the concerns about what it might do. And some of the things, I guess maybe, I'm not sure if this answers your question, but again Frank's spoke to a number of those. And part of which was, okay, well, what is the ramifications if we allow impeachment on a warrant affidavit under this circumstance and that circumstance? But what it basically came down to say is that with allegations, something that's tangible, something that's supported by affidavit, something that's supported with specifics, that involves material allegations of police either misconduct or falsity on the part of the government, which is the allegation we have here, those are the types of allegations that are entitled to see the light of day. In other words, those are questions that was never before the issuing judge in the first place. And those are the types of, and that is the very reason why, it's these allegations that come to light after the warrant was issued that should be, that should see the light of day. So I guess maybe I'm not understanding your question. I don't understand how this would expand that. Let's go back to the wording. The deliberate, falsity, or reckless disregard whose impeachment is permitted today is only that of the affiant in that case, not of any non-governmental informant. Right. Aren't you asking this court to allow the impeachment of a non-governmental informant in this case? No. Because the informant made the statements at the behest because he was coerced to do so by this dirty cop. Okay. So he's just a puppet of Dubois. Dubois is the one that basically forced him to make, to sign off on these false allegations and to sign the warrant and to appear under a threat of time in prison, of putting a case on him, of putting drugs and guns, killing MFs, and the whole nine. I mean, he used some pretty explicit language here. So it's a lot of loaded allegations that Frank says you don't just dismiss. I mean, they're specific. It's an affidavit from the informant himself. So I don't know if this is the prototypical case. If a Franks hearing isn't granted in this case, when would it ever be? So I guess I don't see this. I totally disagree that this expands anything. I think it goes right to the heart of what Frank speaks to. As to the question of standard review, I would like, if time allows, I see my time is coming to an end here. I just want to mention that because this is a pleadings-based inquiry, it should be reviewed to no vote. I made reference earlier about what Frank says as to the fact that only allegations need to be raised, that proffers need to be made. So the lower court is in no better position than this court to look at a set of facts or to look at a set of allegations and to determine whether or not they meet that preliminary showing. Furthermore, and I think what's notable in this case, is that the court below relied pretty much exclusively almost on, and primarily at least, on Gorskiada and basically said, no, Gorskiada is the right law. We're not going to follow Cairo. And because Copeland appeared, that's the be-all, end-all. So this chamber submits that this court is in an even better position and more uniquely qualified to make the decision as to what Gorskiada actually said and whether or not it applies in this particular case. And the circuit court just basically drew the bright line. Our argument here is that other than Gorskiada, there's no other case that makes this kind of bright line. And furthermore, this case doesn't, this case isn't even Gorskiada, it's not even close. Because that case was clearly, that case was nothing more than a mere denial. It had nothing to do with police coercion, nothing to do with the type of circumstances we have here. Okay, so because this involves two separate questions, the question of whether he's entitled to a hearing in the first place, whether he met that low threshold of a preliminary hearing, that is something that this court is just as equipped to look at the set of allegations, look at the affidavits, look at the evidence that was presented, look at many more details that I cite in the briefs and say, well, you know what, there's enough questions raised here that he's entitled to a hearing. Okay, it's a separate question than whether or not he will ultimately prevail. That's a question for another day. So unless this court has any more questions, I would just sum up by saying, because Chambers did make the requisite preliminary showing to warrant a full-franc hearing, the appellate court's decision should be upheld. Thank you. Briefly, Your Honor, first off, in terms of the allegation that the people have been disingenuous in refusing to acknowledge who the confidential informant is and the allegations in our brief, the passage in which counsel referred to from our brief where we allegedly claimed the disclosure of the confidential informant was nothing more than a summary of what the defense allegations were in the trial court. As I said, in the trial court, we have never acknowledged who the confidential informant was. We have never done so in the appellate process. I recognize what the circumstantial evidence indicates, but from the people's perspective, we have not disclosed and we will not disclose who the confidential informant was at the time. But moving beyond that, I find it very significant that as counsel stood here and referred to what was the appropriate preliminary showing, he ignored the one important qualifier that Franks stressed repeatedly, that it not simply be a preliminary showing, but that it be a substantial preliminary showing. And the reason why it has to be a substantial preliminary showing is exactly what this court recognized in Lucente, which is that it is an extraordinary thing to be able to go beyond the four corners of the search warrant, to undermine the determination or potentially undermine the determination of the issuing judge who sits there in good faith making determination as to whether or not he or she is going to issue a search warrant. That is an important and very significant determination by a judge, and Franks recognizes the deference that has to be given to it. And that is why the key term there is not simply a preliminary showing, but a substantial preliminary showing. And that is why it is not simply a pleading inquiry, but a compelling fact-based assertion. And getting to the question as to whether or not this would be expanding Franks and creating a much broader rule, if it is simply a pleading inquiry akin to a post-conviction proceeding, we will see an expansion and explosion of challenges to search warrants as we have seen, as this court has seen, over the last 30 years regarding the Post-Conviction Hearing Act. Allegations will be accepted as true and hearings will be held, and that will certainly have the basis of undermining any request for getting a search warrant, which, again, is contrary to public policy of both this court and the U.S. Supreme Court. But the key to preserving that, the key to preventing that from happening, is actually found in Lucente in this court's decision, and that's the abuse of discretion standard. The best manner of preserving the deference given to the trial judges, the deference given to the issuing judge, is the abuse of discretion standard because it recognizes that the trial judge is there and is capable of taking in all the factual allegations, all the factual considerations, and making the determination better than any appellate panel, better than this court could even do. And that's why Lucente stressed the truly subjective nature of the determination and how that trial court's determination would not be disturbed on appeal, provided it was done within the acceptable limits. Every court since Lucente, including the appellate court in this case, has recognized the abuse of discretion standard as the appropriate standard. What the appellate court aired here was it didn't then finish the point, which is an abuse of discretion standard requires deference to the trial judge. There was no deference given here by the appellate court. Instead, the appellate court did exactly what counsel is asking this court to do, which is simply look at the pleadings, ignore inconsistencies, and grant a hearing. But I also want to just take this court step by step through the trial court's exercise of discretion in this case to show how it was very clearly a proper exercise of that discretion. Because, as I said, the defendant filed three separate motions. The first motion offered certain affidavits, an alibi affidavit, a denial by him, and other points, and then challenging the alleged point of arrest. And the judge went through it all and said, it's not enough because I know this police officer. He's testified here before. He's a trustworthy person. All proper considerations within Frank's. Then the second motion was a sworn, videotaped, recorded statement by defendant's cousin, where he claimed that the arrest that occurred, which led to the search warrant, happened, and he had obtained the marijuana from a drug buyer earlier that day. And the judge, again, exercising discretion, considering these issues, rejected those points and said, there's nothing new here. Frank says it has to be a substantial preliminary showing. The confidential informant appeared. I'm not going to grant you a hearing at this point. And then, only then, did this third affidavit by Myles Copeland, where he claimed, no, no, no, the earlier claim that it was by a drug deal wasn't true. It was actually an armed robbery comes forward. But what counsel didn't mention was that at the time that Myles Copeland made the allegation that he had committed an armed robbery, it was beyond the statute of limitations, meaning that there was no jeopardy at risk for him. It was an allegation that he was now offering in a third motion for a Frank's hearing after the previous ones had denied, which was inconsistent with the previous motions. The trial judge clearly had the authority at that point to say, this is just not enough. So that really comes down to the question, I think, is what is the sufficient showing, right? And you're saying here there's sworn allegation, has detail to it, there's some corroboration that has been offered, but the court can say, despite all that, without having any cross-examination, I don't believe the affiant. Is that how you think this is supposed to work? I believe that's how Lucente recognized it. That's how Franks recognized it. But it can't simply be just I don't accept the affidavit. It has to be with an entire consideration of all the facts. And I would point this court to the appellate court decision in Voss, which recognized that there were ten separate recognized factors by the courts of Illinois and by the federal courts as to what could factor into an appropriate determination of a substantial preliminary showing. And the significance of those ten factors is it's not simply I don't believe the affidavit, but I take in this affidavit in conjunction with everything else, with the totality of the circumstances. Almost the same type of analysis that the issuing judge would have to issue, considering the totality of circumstances to determine whether or not there was enough of a basis for the issuance of the search warrant. Now it's a totality of circumstances. Is there enough of a basis to even pierce the veil of validity? You said that one of those factors is that the judge has had contact with a police officer before. Yes. And that's a factor to be considered. Should the court have been able to take into consideration the allegations against the police officer? Well, notably, none of those allegations were made at the time of the Franks hearing. All those allegations come forward in the appellate process, primarily in the appellate court. And so, again, the trial judge here had no access to any of that information. Again, that's information that counsel has now provided to the reviewing courts as a way to further impeach the validity of the police officer. I cannot deny the validity of what he's saying, but the question is really whether or not the trial judge, at the moment that he was faced with those Franks motions, ruled properly. And, again, I stress if you go through the three separate motions, what you don't see is a judge acting precipitously. You don't see a judge act saying specifically, Guerra Estiada says this, I'm not going to rule this way. No, you see a judge carefully considering all the allegations and making determination and exercising his discretion appropriately. Having said that, the position of the people is very clear that the having the confidential informant appear does take it out of the ambit of Franks, but in this case, even if this court has some discomfort going that far, clearly the abuse of discretion standard should indicate that the appellate court ruled inappropriately here. It's for that reason that we ask this court to reverse the appellate court and affirm the defendant's convictions. Thank you. Thank you. Case number 117911, People of the State of Illinois v. Terrell Chambers, will be taken under advisement as agenda number 14. Mr. Spellberg and Mr. Gonzalez, thank you for your arguments today. You're excused at this time.